IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MICHAEL DUKE BEAUMONT                                                                                PLAINTIFF

v.                                    Civil No. 2:25-cv-02044-TLB-MEF

LIEUTENANT SAMANTHA GOODWIN;
SHERIFF DANIEL PERRY;
SERGEANT CHASE;
CAPTAIN V.C. WINTERS
(All of Crawford County Detention Center)                                                         DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed under 42 U.S.C. § 1983. The case was directly assigned to the undersigned Magistrate Judge pursuant to General Order 2024-02, but not all parties to the action have consented to the jurisdiction of the undersigned. *See* 28 U.S.C. § 636(c). Accordingly, the case will automatically be reassigned to United States District Timothy L. Brooks and referred to the undersigned for a report and recommendation pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3). Currently before the Court is Plaintiff's failure to obey the Federal and Local Rules of Civil Procedure and failure to prosecute this case.

**I.     BACKGROUND**

Plaintiff filed his Complaint in this case on April 29, 2025. (ECF No. 1). At the time of filing, Plaintiff was incarcerated in the Crawford County Detention Center. Plaintiff was granted *in forma pauperis* status that same day. (ECF No. 3). He had previously filed another case against the Crawford County Sheriff and a commissary provider on April 14, 2025, while still incarcerated in the Crawford County Detention Center. (Case No. 2:25-cv-02040-TLB-MEF, ECF No. 1). The Court takes judicial notice that mail sent to Plaintiff at the Crawford County Detention Center in

that earlier case was returned as undeliverable on April 22, 2025. (Case No. 2:25-cv-02040-TLB-MEF, ECF No. 8). The deadline for Plaintiff to inform the Court of his new address was set for May 22, 2025. (*Id.*). To date, Plaintiff has failed to inform the Court of his new address, and he has not otherwise communicated with the Court in either case. A Report and Recommendation has been filed in that earlier case recommending dismissal without prejudice for failure to prosecute. (Case No. 2:25-cv-02040-TLB-MEF, ECF No. 9). The same recommendation is made in this case.

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. ... If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III. ANALYSIS

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2). Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

### IV. CONCLUSION

Accordingly, it is RECOMMENDED that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

*Referral Status*: This case should not remain referred because all matters have been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of May 2025.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE